MYRA LEE HOFSTETTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hofstetter v. Commissioner
Docket Nos. 15140-82, 24352-82.
United States Tax Court
T.C. Memo 1984-48; 1984 Tax Ct. Memo LEXIS 627; 47 T.C.M. (CCH) 988; T.C.M. (RIA) 84048; January 30, 1984; As Amended February 21, 1984 Kathryn Muir Kay, for the petitioner. Steve Mather, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: These consolidated cases were assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8 (81 T.C. V) (July 1983). The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent *628 determined deficiencies in and additions to petitioner's Federal income tax as follows: Section 6651(a)
Year
Deficiency
Addition to Tax
1979
$4,826.75
1980
11,848.01
$1,442.62
The issues for decision are (1) whether petitioner may deduct expenses allegedly incurred by her in 1979 and 1980 in connection with her sales activities as an Amway Distributor and (2) whether petitioner is subject to the additionsto tax provisions of section 6651(a) [2] for the year 1980. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. The stipulations of fact and the attached exhibits are *629 incorporated herein by this reference. Petitioner resided in Batavia, Ohio, when she filed her petitions in these consolidated cases. During the years 1979 and 1980, petitioner was employed by Cincinnati Bell, Inc. On her Federal income tax returns for the years 1979 and 1980, petitioner reported gross wages from her employment at Cincinnati Bell, Inc. in the amounts of $32,679.59 and $35,427.94, respectively. On Schedule C attached to her 1979 and 1980 returns, petitioner reported the following income and deductions relating to her activities as an Amway Distributor: Year
Income
Deductions
Loss
1979
$80
$11,757
$11,677
1980
517
34,626
34,109
Respondent disallowed the claimed deductions for each of the years in issue. OPINION Deductions are a matter of legislative grace, and the petitioner has the burden of establishing that she is entitled to any deduction claimed on her Federal income tax returns. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Deputy v. du Pont,308 U.S. 488, 493 (1940); Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice *630 and Procedure.
Petitioner did not appear at trial to present evidence in support of those deductions claimed by her which were disallowed by the respondent. In an attempt to substantiate the claimed deductions, petitioner's counsel offered into evidence what were alleged to be petitioner's Amway business records. To authenticate petitioner's alleged Amway business records and to qualify those records as an exception to the Hearsay Rule under Rule 803(6), Federal Rules of Evidence, petitioner's counsel offered the testimony of a Mr. Fletcher who examines the alleged business records on a quarterly basis in order to assist petitioner in the preparation of her Federal income tax returns. Mr. Fletcher does not witness nor assist petitioner in preparing her business records. The objection by respondent to the introduction of the records offered of petitioner's counsel was sustained because of the witness' lack of direct personal knowledge of petitioner's business affairs. The record is completely devoid of any admissible evidence which would substantiate those deductions claimed by petitioner on her 1979 and 1980 returns. Petitioner, therefore, *631 has failed to carry her burden in these consolidated cases. That being the case, we sustain respondent's determination. Petitioner's counsel did not address herself at trial to the addition to tax under section 6651(a) determined by respondent for the year 1980. Since petitioner introduced no admissible evidence to show that respondent erred in imposing such addition to tax, we sustain the Commissioner's determination. Enoch v. Commissioner,57 T.C. 781, 802-803 (1972). Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1979 and 1980, unless otherwise indicated.↩
2. The parties filed stipulations of fact at trial which set forth, interalia,↩ various interest payments deducted by petitioner on her 1980 return. Those interest payments claimed by petitioner on her 1980 return were not disallowed by respondent in his statutory notice for that year and we are at a loss to explain why the stipulations alluded to those interest deductions. In any event, interest deductions taken in the year 1980 are not in issue in these consolidated cases and we will make no further reference to them.